# Diemer, Appellant, v. Philadelphia German Protestant Home.

*Mechanics' lien—Contract against liens—Bond—Fraud—Misrepresentations.*

A subcontractor furnished material to a contractor under a written agreement in which he stipulated that he would not file a lien. Before he furnished the material he procured from the contractors a paper in which they certified that they had furnished a good and sufficient bond to guarantee the completion of the charitable institution which they had contracted to build, and that the bond was in the possession of the building committee of the charitable institution. The obligee in the bond was the charitable institution. The subcontractor did not examine the bond and made no inquiry as to whether the bond was available to him. He furnished the material and filed a lien. At the trial he alleged that he had been induced to waive his right of lien by representations of the principal contractors that they had given a bond to pay all claims, that these representations were false, and that he had relied upon them and did not find out their falsity until the work was done. *Held*, that the plaintiff was not released from the covenant not to file a lien,

226    DIEMER, Appellant, *v.* PHILA. G. P. HOME.

Statement of Facts—Opinion of the Court.  [19 Pa. Superior Ct.

Argued Dec. 13, 1901.   Appeal, No. 248, Oct. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1899, No. 463, M. L. D., refusing to take off nonsuit in case of George B. Diemer, to use of John Ferguson v. Philadelphia German Protestant Home for the Aged, Owner or Reputed Owner, and J. V. Bennett and S. W. Rothrock, Contractors.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Scire facias sur mechanic's lien.   Before ARNOLD, P. J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Daniel W. Simkins,* for appellants.—The owner in this case cannot avail itself of a contract procured by fraud: Macey, Henderson & Co. v. Heger, 195 Pa. 125; McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171; Blymire v. Boistle, 6 Watts, 182; Ramsdale v. Horton, 3 Pa. 330; Cummings v. Klapp, 5 W. & S. 511.

*Dimner Beeber,* with him *Hampton L. Carson* and *J. Levering Jones,* for appellees.

OPINION BY RICE, P. J., January 21, 1902:

This was a scire facias upon a mechanic's lien filed by a subcontractor.   The work was done and the materials were furnished pursuant to a written contract between the contractors, Bennett and Rothrock, and the subcontractor, in which the latter agreed " that no lien shall be filed on account of himself, or any one else, either as subcontractor, material man, laborer, or otherwise, . . . . and that he will keep said building free from mechanics' liens, and any and all manner of charges, for work and labor done, and materials furnished by reason of this contract."   The plaintiff's contentions, as stated by his counsel, are, (1) that he was induced to waive his right of lien by the representation of the principal contractors that they had given a bond to pay all claims; (2) that he relied on the representation; (3) that the representation was false and known

by the principal contractors to be false at the time it was made; (4) that the plaintiff did not learn that it was false until the work was completed. His contention as matter of law is that the defendant cannot avail itself of the foregoing provision of the contract, to which it was not a party, if as matter of fact it was secured by the fraud of the principal contractors. As he does not pretend that he made any inquiry of the defendant or its authorized agent to ascertain the truth or falsity of the representation made by the principal contractors, in order to recover he must also maintain the legal proposition that he owed to the defendant no duty to make such inquiry. As we view the evidence, it is not necessary to consider either of these legal propositions. The evidence adduced in support of his allegations of fact was oral and written, but it is clear from his own testimony that he did not rely on the oral representations of Woodnutt, the principal contractor's agent, but insisted on having them reduced to writing and signed by the principal contractors before he would go on with the work. In compliance with his request the principal contractors signed a paper which was in the form of a letter addressed to him, and so far as material here was as follows: "Dear Sir: This is to certify that we, Bennett and Rothrock, .... have furnished a good and sufficient bond in the sum of $15,000 to guarantee the completion and payment of the bills incurred in the erection and completion of the German Protestant Home for the Aged at Lawndale, Phila., Pa. The bond is in the possession of the building committee of the said Home." This letter gave the plaintiff fair notice of the place where the bond might be found and examined by him, and while it did not state in so many words that the German Protestant Home was the obligee named in the bond, he had no right to infer from what was stated that he or any other person was named as obligee. As matter of fact the principal contractors had given to the German Protestant Home a bond in the penal sum of $15,000 with sufficient surety conditioned for the faithful compliance with all the terms, covenants and conditions of the contract between them, and the contract clearly imported an undertaking on the part of the principal contractors to pay all bills incurred in the erection and completion of the building. The bond guaranteed the performance of this undertaking. It thus appears by the

evidence introduced by the plaintiff that the representation upon the faith of which he claims to have waived the right to file a lien was literally true.

The principal contractors were careful to express the representation for the truth of which they were willing to be bound, and in effect, although not in express words, invited the plaintiff to examine the bond and put his own construction upon it. If the paper was not sufficiently explicit the plaintiff should have insisted on having it made more explicit. If he executed the contract in the belief that the bond was available to him, it must have been because he put a wrong construction upon the representation, or because he entertained the mistaken opinion that a bond given by the contractor to the owner guaranteeing payment of the bills incurred in the erection and completion of the building is in law available for the indemnity of subcontractors and material men. In either case he acted on his own judgment and cannot visit on the defendant the consequence of his mistake. We are of opinion that the court committed no error in holding that there was not sufficient evidence to release the plaintiff from his express covenant not to file a lien.

Judgment affirmed.